HON. JOHN PIERPOINT,
HON. JAMES BARRETT, } ASSISTANT JUDGES.
HON. LOYAL C. KELLOGG,

---

### W. W. RUSSELL *v.* JAMES DODDS.

#### *Prudential Committee. Schools. Trespass.*

If a prudential committee agree to let a party have the district school house for a private school during a vacation of the usual district school, and the party act upon the agreement, the committee cannot revoke it, without cause, nor can he allege his want of legal authority to make it in an action of trespass against him for forcibly preventing the party from continuing his school during the period agreed upon.

TRESPASS for an assault and battery. The case was heard on demurrer to the replication. The facts set forth by the plea and

replication are fully stated in the opinion of the court.   At the February Term, 1864, ALDIS, J., presiding, the court *pro forma* held the replication insufficient, and rendered judgment for the defendant, —to which the plaintiff excepted.

*G. Harrington* and *George F. Houghton*, for the plaintiff.

*H. R. Beardsley*, for the defendant.

POLAND, Ch. J.   The plea and replication in this case show the following state of facts.   In the fall of 1862, and in the interval between the usual summer and winter schools, Hutchins proposed to open in the district school house, a private school for the children of the district and vicinity, and this object was generally concurred in and approbated by the inhabitants and voters of the district, though no corporate action was had on the subject.   For this purpose Hutchins applied to the defendant who was the prudential committee of the district, for the use of the school house, and thereupon the defendant agreed with Hutchins that he might have the school house for his school for the period of eleven weeks.   Hutchins thereupon made his arrangements, took possession of the school house and opened his school.

After the school had continued for some weeks, the defendant for no alleged reason, in the absence of Hutchins and his pupils from the school house, fastened the door of the house.   Hutchins found the house fastened, and was forbidden by the defendant to enter, but he undertook to do so, and the plaintiff to aid him in so doing.   The defendant attempted by force to prevent them from entering, and to some extent used personal violence for that purpose.

The question presented by the case is, whether upon this state of facts the force so used by the defendant was lawful or unlawful.

The argument on the part of the defendant has gone mainly upon his want of authority to make any such contract with Hutchins for the use of the house, for such purpose, and that at most it was a mere license, which he might revoke at any time, and resume possession in himself.   The purpose for which school districts are required to build school houses, is to accommodate schools which are supported by the district, and which they are required by law to maintain, but the general object of all these requirements of the law, is the education of the children.

Hence it was held in *Chaplin et al.* v. *Hill et al.*, 24 Vt. 528, that a private school not supported by a tax on the district, might by consent of the district be held in the school house, that such a school was for the furtherance of the general object and design of such erections, and so no unlawful use of the house, and that the prudential committee to whom by law the general care of the house is given, had no legal right to prevent the house being used for that purpose. If the district might properly and legally allow the house to be used for such purpose, we think in the absence of any dissent by the district, the prudential committee might do the same thing, and give permission to use the house for the same object, and especially if it was generally approved by the voters and tax-payers of the district.

It is said in the case of *Chaplin et al.* v. *Hill et al.*, above cited, that the district may allow the school house to be used for a private school for *the time being merely*, but cannot confer the exclusive use of the house upon any one for any definite time. But we apprehend that what is meant by this is, that the district may not part with the use and power of control over the house permanently, or for any such length of time as to prevent the house from being used for the purpose of a district school, for which it is specially erected. If they may part with it at all, we see no reason why they may not part with it for such limited period as will not interfere with their legitimate and proper use of it as a district school house.

But however this may be, the defendant in this case assumed to agree with Hutchins that he should have the use of the house for his school for the period of eleven weeks. Hutchins had acted upon this agreement, got up his school, and taken possession of the house, and was fully performing on his part. If his school was broken up before its intended termination, it might, and doubtless would be a serious loss to him, as well as to his pupils. Whether the defendant had, exceeded his proper authority in agreeing to let him have the house for eleven weeks, or not, we think it does not lie in the defendant's mouth, to say that he had no authority to make such agreement, and that therefore he will violate and repudiate it. If the district, his principal, was content, he was bound to be.

So far as the defendant is concerned, it is the same as if he had himself been the owner of the house, and made such contract; having

Russell *v.* Dodds.

made such contract, and Hutchins having acted upon it, taken posses-
sion of the house and opened his school, the agreement was not revok-
able by the defendant without cause, nor can he allege his want of
legal authority to make the agreement. Hence when he undertook
forcibly to prevent Hutchins from continuing his school in the house,
during the period he had agreed he might do so, he was acting con-
trary to law, and such use of force was unlawful, and he would be
liable therefor. With these views of the law, we regard the plain-
tiff's replication as a good answer to the defendant's plea, and there-
fore that the judgment of the court below was erroneous and the
same is reversed, and the replication is adjudged sufficient.